IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. KLUGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-cv-02462-JMS-DLP |
| | ) |
| BROWNSBURG COMMUNITY SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF DEFENSES**

Pursuant to the Amended Case Management Plan approved on March 3, 2020 (dkt. 75), Defendant Brownsburg Community School Corporation (the "School"), by counsel, identifies the following defenses and other issues it has the burden to prove at trial, which includes stating specifically the legal theories upon which such defense or other issue is based.

1. Regarding Kluge's Title VII discrimination claim based on failure to provide a reasonable accommodation (dkt. 15, at 17), Kluge bears the initial burden of establishing a prima facie case in that he "must show that his religious belief or practice conflicted with a requirement of his employment and that his religious observance or practice was the basis for the discriminatory treatment or adverse employment action." (Dkt. 70, at 25 (citing *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012), *as modified by Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. at 2032-33).) If Kluge establishes a prima facie case, the burden shifts to the School to demonstrate that it made "a reasonable accommodation of the religious practice or to show that any reasonable accommodation would result in undue hardship." *Porter*, 700 F.3d at 951. In this

respect, the School anticipates the evidence will show that it reasonably accommodated Kluge by agreeing to a last-name-only accommodation, continued the accommodation for months, and announced it would withdraw the accommodation when it became apparent that the accommodation was negatively impacting the classroom environment. It is important to note that an employer need only show "a cost . . . more than de minimis" to establish undue hardship. *E.E.O.C. v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1576 (7th Cir. 1997).

       2.       Regarding Kluge's Title VII claim based on retaliation (dkt. 15, at 17-18), Kluge can establish a prima facie case by demonstrating that "he engaged in statutorily protected expression and was subjected to an adverse employment action as a result." (Dkt. 70, at 28 (citing *Carlson v. CSX Transp., Inc*., 758 F.3d 819, 828 (7th Cir. 2014)).) If he does so (and assuming he can show his retaliation claim is not a repackaged version of his failure-to-accommodate claim, *see E.E.O.C. v. Walmart Stores East LP*, No. 18-cv-804-bbc, 2020 WL 247462, at *5 (W.D. Wis., Jan. 16, 2020)), then the School must articulate a legitimate, non-discriminatory reason for its decision. *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 195 (7th Cir. 1994). Similar to Kluge's failure-to-accommodate claim, after agreeing to the last-name-only accommodation and allowing it to continue for months, the School legitimately announced it would withdraw the accommodation when it became apparent that the accommodation was negatively impacting the classroom environment. Kluge can overcome this legitimate, non-discriminatory reason by establishing pretext, which "means a lie, specifically a phony reason for some action." *Russell v. Acme–Evans Co.,* 51 F.3d 64, 68 (7th Cir.1995); *see also Jordan v. Summers,* 205 F.3d 337, 343 (7th Cir. 2000) (noting that an employer's belief can be "mistaken, ill considered or foolish, so long as [the employer] honestly believed those reasons, pretext has not been shown").

3. To the extent Kluge failed to make any reasonable attempts to mitigate his damages, the School is entitled to a set-off in the event Kluge prevails on either or both of his remaining claims. In addition, any recovery must be setoff and/or reduced by wages, commissions, pay and benefits, other earnings or remunerations, regardless of form received, that were paid or due to Kluge or receivable with exercise of due diligence by Kluge. At this point in the litigation, Kluge has disavowed any claim to a back pay damages award due to the fact he secured comparable employment following separation from the School. To the extent Kluge were to assert a claim for back-pay damages, the School reserves the right to introduce evidence produced in discovery demonstrating that Kluge's subsequent employment has fully mitigated such damages.

4. To the extent Kluge argues for an award of punitive damages, such an argument is foreclosed as a matter of law due to the fact that punitive damages are not available against a political subdivision such as the School. 42 U.S.C. § 1981a(b)(1); *Thomas v. Washington Metro. Area Transit Auth.*, 305 F. Supp. 3d 77, 88 (D.D.C. 2018) ("Moreover, the Court's own inquiry does not reveal any statutory authorization for punitive damages against WMATA for the remaining Title VII claims. In Title VII cases involving intentional discrimination in employment, punitive damages are not recoverable against 'a government, government agency or political subdivision,' such as WMATA."). In addition, even assuming for argument's sake that an award of punitive damages is available, the School anticipates the evidence will demonstrate that it did not commit any act with malice or reckless indifference in relation to Kluge's federally protected rights.

5.        The School reserves the right to amend this Statement to the extent that damages discovery, which has not yet been completed, affects its defenses or other issues for which it bears the burden of proof at trial.

Respectfully submitted,

/s/ Brent R. Borg
Brent R. Borg, Attorney No. 27415-29
bborg@cchalaw.com
Alexander P. Pinegar, Attorney No. 26543-49
apinegar@cchalaw.com
Church Church Hittle + Antrim
10765 Lantern Road, Suite 201
Fishers, IN  46038
317-773-2190

Attorneys for Defendant
Brownsburg Community School Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November 2020, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system.  Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system:

Kevin E. Green
Kevin Green Associates
456 N. Meridian Street, #1517
Indianapolis, IN  46204
keglegal@aol.com

Michael J. Cork
Michael J. Cork, Esq.
5754 N. Delaware St.
Indianapolis, IN  46220-2528
cork0@icloud.com

Roscoe Stovall, Jr.
Roscoe Stovall, Jr. & Associates
2 West Main Street
Mooresville, IN 46158
rstovall@roscoelaw.com

/s/ Brent R. Borg
Brent R. Borg, Attorney No. 27415-29