# EXHIBIT 7

## Deposition Excerpts of Jodi Gordon

## (<u>Note</u>: these are excerpts that were not included in Filing No. 113-4.)

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF INDIANA
                  INDIANAPOLIS DIVISION
              CASE NO. 1:19-cv-2462-JMS-DLP
```

JOHN M. KLUGE                              )
                                           )
       Plaintiff(s),                    )
                                           )
  -vs-                                     )
                                           )
BROWNSBURG COMMUNITY SCHOOL                )
CORPORATION, et al.,                       )
                                           )
       Defendant(s).                    )

       The videoconference deposition upon oral examination of JODI GORDON, a witness produced and sworn before me, Brandy L. Bradley, RPR, a Notary Public in and for the County of Hamilton, State of Indiana, taken on behalf of the Plaintiff at the remote location of the witness, Brownsburg, Hendricks County, Indiana, on the 10th day of November, 2020, pursuant to the Indiana Rules of Trial Procedure.

```
              CIRCLE CITY REPORTING
            135 N. Pennsylvania Street
                    Suite 1720
              Indianapolis, IN  46204
                  (317) 635-7857
```

Case 1:19-cv-02462-JMS-DLP   Document 120-7   Filed 03/15/21   Page 3 of 4 PageID #: 1312
JOHN M. KLUGE VS
BROWNSBURG COMMUNITY SCHOOL CORPORATION, et al.
JODI GORDON
November 10, 2020

Page 6

the exhibit and, if we need to, we'll just go off the record while you do that.

If you need to take a break during the course of the day, I don't think we'll be going terribly long, but if you should need to take a break, just let me know and I'll do my best to accommodate you. The only caveat to that is if there's a question pending, I would like you to answer the question before you take a break.

Likewise, if you feel the need to refer with counsel, Mr. Borg, I will be happy to accommodate that with the same caveat that you answer the question before you do that unless the issue is that you are concerned that the answer you might give invades attorney/client communication or might address some confidential matter having to do with the school. Although, there is a protective order in place.

Since this is a Zoom video deposition I need you to confirm that you will not use -- I understand you're using a computer to participate, but I need you to confirm that you will not engage in texting or chatting on any other device, a phone or any tablet or other computer while I am asking you questions, okay?

Page 7

A   Yes.
Q   And you and Mr. Borg may be in the same location. If that's the case, you're not allowed to when I ask you a question look at him and engage in some nonverbal communication as if you want him to shake his head yes or no in order to do what I call coaching. That's improper as you might guess.

You're visible on the screen and that's fine. You need to be in order to have a clear record and a clear video for the court reporter.

As Rita said, if there is an objection, just wait until -- unless Mr. Borg advises you not to answer the question, you may then answer the question.

Try to do your best to vocalize your answers as opposed to shaking your head yes or no or saying "uh-huh" or "uh-uh" because while the court reporter can include that it takes longer and it's more difficult to interpret.

The court reporter will, as the school's counsel has probably told you, transcribe everything that is asked, everything I ask, all of your answers, any objections by the school's counsel, and put those into a booklet in E form

Page 8

or paper form. You'll have the ability then to receive that and read it and to make nonsubstantive changes on what's called an errata sheet and Mr. Borg will be happy or Mr. Pinegar to go through that process with you when the time comes. Once you receive or once they receive a copy of your deposition, you'll have 30 days in which to accomplish that. If you return it within that time with changes and you sign it, then that's considered your testimony. If for some reason it's not returned within that time period, it's still considered your testimony. It can being used at court, at trial, or a hearing or in motion practice or for any other rule permissible under the Rules of Procedure.

Do you have any questions about any of that?
A   No.
MR. BORG: Michael, if I may.
MR. CORK: Go ahead.
MR. BORG: Just for the record, Ms. Gordon and I are in the room together.
MR. CORK: Right, that's what I anticipated. You are or you are not?

Page 9

MR. BORG: We are.
MR. CORK: You are in the same room. That's what I thought.
Q   Can you tell me what you did to prepare for your deposition today, who you spoke with? I understand you probably spoke with counsel and I don't want to go into what counsel told you because that's privileged, but you can identify who you spoke with. If you spoke with anybody else involved with the school corporation such as the superintendent or the assistant superintendent or anybody else, I'd like to know about that and what you talked about. Also, what kind of documents you looked at. With that in mind, can you answer?
A   Yeah, obviously, I spoke to Mr. Borg. I didn't speak to anyone else about the details of the case. I reviewed the documents that are in our file, the interrogatories, the transcriptions of the recordings, resignation letter, and so forth.
Q   Okay. I always address, just for the sake of completeness with the witness, confirming the nature of testimony. It's illegal for you to testify untruthfully when you know you are

Case 1:19-cv-02462-JMS-DLP   Document 120-7   Filed 03/15/21   Page 4 of 4 PageID #: 1313

JOHN M. KLUGE VS
BROWNSBURG COMMUNITY SCHOOL CORPORATION, et al.

JODI GORDON
November 10, 2020

Page 10

1  testifying untruthfully.  It's improper for you
2  to say you don't remember the answer to a
3  question if you do, in fact, remember.  And,
4  also, if you don't remember something, it's not
5  appropriate for you to testify if you do, in
6  fact, remember.  If you believe you don't fully
7  remember something I ask you but you think that
8  there is a document that might help refresh your
9  memory, I will probably ask you about that,
10 okay?
11 A  Okay.  Yes.
12 Q  We have your full name and I understand you are
13 or at least the last I checked you were the HR
14 director at Brownsburg Community School
15 Corporation.  Is that still the case?
16 A  Yes.
17 Q  How long have you held that position?
18 A  About 16 years.
19 Q  Did you have another position with the school
20 corporation prior to that?
21 A  No.
22 Q  Did you have another job in the Human Resources
23 field at another employer prior to that time?
24 A  Yes.
25 Q  Who was that?

Page 11

1  A  Donaldson Company.
2  Q  What does Donaldson company do?
3  A  It's a manufacturing facility.
4  Q  How long did you work for them?
5  A  Approximately six years probably.
6  Q  Was that all in Human Resources?
7  A  Yes, I was the HR manager there, yes.
8  Q  Before Donaldson were you employed in the HR
9  field?
10 A  Yes.
11 Q  By who?
12 A  Rohn Industries.
13 Q  And how long did you work for Rohn?
14 A  Approximately five years.
15 Q  All in HR?
16 A  Correct.
17 Q  Prior to Rohn were you employed in HR?
18 A  No.
19 Q  I take it that you, based on your position, are
20 very likely a high school graduate; is that
21 right?
22 A  Correct.
23 Q  And a college grad as well?
24 A  Correct.
25 Q  Could you give me an idea of your college,

Page 12

1  graduate and postgraduate, if any, education and
2  give me -- you don't have to go into great
3  detail.  I just like to know where you went to
4  school, what you studied, degrees you obtained,
5  years, that sort of thing.
6  A  Sure.  I did my undergrad.  I got an undergrad
7  in business from the Krannert School of
8  Management at Purdue University and then
9  received an MBA from Indiana Wesleyan.
10 Q  When did you graduate from Krannert?
11 A  When?
12 Q  Yes.
13 A  1993.
14 Q  And what about Indiana Wesleyan?
15 A  My final graduation date would have been 2006
16 probably, I think, if I remember correctly.
17 Q  And you received your Master's in Business
18 Administration from Indiana Wesleyan?
19 A  Correct.
20 Q  Who do you report to currently at Brownsburg
21 Community School Corporation?
22 A  Dr. Jim Snapp, Superintendent of Schools.
23 Q  Do you have people who report to you?
24 A  Correct.
25 Q  Who are they?

Page 13

1  A  I have two payroll specialists, one benefits
2  coordinator, an administrative assistant, and
3  then a part-time substitute coordinator.
4  Q  Do you have any formal interaction with the
5  Board of School Trustees?
6  A  Not really.
7  Q  Do you ever assist Superintendent Snapp in
8  preparation for his monthly meetings with the
9  board?  And I understand he goes into an
10 executive session on the Thursday before the
11 actual board meeting; is that correct?
12 A  Correct.
13 Q  To the best of your knowledge.  Do you assist
14 with that?
15 A  Do I assist with that?  Is that what you said?
16 Q  Yes.
17 A  I prepare the personnel report that goes before
18 the board every month and from time to time he
19 might ask me to sit in on executive session,
20 depending on the topic, but not on a regular
21 basis.
22 Q  What's contained in a typical, if there is such
23 a thing, personnel report?
24 A  It's all the employment activity, who we have
25 hired, who we have moved to new positions, who