UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JOHN M. KLUGE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:19-cv-2462-JMS-DLP |
| **BROWNSBURG COMMUNITY SCHOOL CORPORATION, et al.,** | ) ) ) ) |
| Defendant. | ) ) ) |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE**

*Amici curiae* are five prominent medical and mental health organizations, as well as a provider of support services to transgender Indiana youth. They seek leave in this case to provide the Court with empirical evidence demonstrating the importance of policies that allow transgender students to be called by the names and pronouns that affirm their gender identity. This evidence bears directly on a central issue in this case: whether Plaintiff John Kluge's proposed accommodation caused an undue hardship on Brownsburg Community School Corporation ("BCSC"). If the scientific evidence shows that Mr. Kluge's proposed accommodation would be contrary to the health and well-being of transgender students, then the accommodation undoubtedly imposed "more than a *de minimis* cost" to BCSC whose mission is to educate and protect those students. *Baz v. Walters*, 782 F.2d 701, 706 (7th Cir. 1986); *see also E.E.O.C. v. Oak-Rite Mfg. Corp.*, No. IP99–1962–C–H/G, 2001 WL 1168156, at *11 (S.D. Ind. Aug. 27, 2001) ("The Seventh Circuit's decisions applying the undue hardship standard . . . make clear that the 'more than *de minimis*' standard allows imposition of only the most modest burdens on employers.").

Mr. Kluge does not dispute the credentials of *amici* or the veracity of the empirical evidence presented in *amici*'s brief. Instead, Mr. Kluge opposes *amici*'s motion on the ground that it does not provide a "unique perspective" because *amici* "merely expand upon BCSC's contention that it is harmful to the emotional well-being of a transgender youth to not be called by a chosen name." Opp. at 6. Contrary to Mr. Kluge's suggestion, however, the empirical evidence and consensus views of medical and mental health professionals discussed in *amici's* brief cannot be found in the submissions from either party. While BCSC has presented persuasive evidence of how Mr. Kluge's accommodation harmed two specific transgender students at Brownsburg High School, *amici* explain from a scientific research perspective why the accommodation threatens the mental and physical well-being of transgender youth. As highly regarded national and Indiana-based medical, mental health, and support organizations, *amici* are well-positioned to provide the Court with insight on that issue.

Mr. Kluge also contends that *amici*'s request should be denied because they offer no insight on "whether BCSC suffered an undue burden that justified refusing to provide Mr. Kluge any accommodation for his religious beliefs." Opp. at 7. That is incorrect. As *amici* explain, scientific studies have shown that transgender youth who are able to use names and pronouns consistent with their gender identities experience 71% fewer symptoms of severe depression, a 34% decrease in reported thoughts of suicide, and a 65% decrease in suicide attempts.[1] Conversely, Mr. Kluge's proposed accommodation would deprive transgender students of the reduction in these harms, resulting in increased risk to their physical and emotional well-being, as well as increased stigmatization and differential treatment. On the basis of that research, *amici* submit that Mr.

---

[1] *See* Br. at 12 & n.36 (citing Stephen T. Russell et al., *Chosen Name Use Is Linked to Reduced Depressive Symptoms, Suicidal Ideation, and Suicidal Behavior among Transgender Youth*, 63 J. Adolescent Health 503, 505 (2018)).

Kluge's accommodation imposed an undue hardship on BCSC because it could lead to higher rates of discrimination and psychological distress, undercutting BCSC's mission to educate and protect its students. While Mr. Kluge disagrees with that assessment, he cannot dispute that *amici* have "provide[d] the Court with additional helpful theories or insights." [Filing no. 70 at 40-50 (denying IYG's motion to intervene, but inviting IYG to "seek[] permission to file an *amicus* brief")]; *see also Monarch Beverage Co. v. Johnson*, No. 1:13–cv–01674–WTL–MJD, 2014 WL 7063019, at *1 (S.D. Ind. Dec. 11, 2014) (allowing *amicus* brief where it presented "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs").[2]

Unable to dispute the relevance of *amici*'s perspective, Mr. Kluge resorts to arguing that briefs from *amicus curiae* in the district courts are "rare" and must satisfy an "exacting standard." Opp. at 4-5. None of the cases cited by Mr. Kluge supports that proposition. To the contrary, it is well-settled that district courts may grant permission to file an *amicus* brief simply "when the amicus has a unique perspective, or information, that can assist the court beyond the assistance provided by the parties." *Monarch Beverage*, 2014 WL 7063019, at *1 (internal citation omitted). Applying that standard, courts in this District have routinely permitted organizations such as *amici* to participate in the proceedings. *Id.* at *3; *see also Eli Lilly & Co. v. Cochran*, No. 1:21-cv-00081-SEB-MJD, Dkt. No. 60, at 1 (S.D. Ind., Mar. 2, 2021) (granting two healthcare organizations and the National Association of Community Health Centers leave to file an amicus brief, given that

---

[2] Mr. Kluge asserts that there is tension between BCSC's argument that compliance with its "Power School" policy is purely "administrative" (on the one hand) and BCSC's position that the policy is important to affirming transgender students' gender identities (on the other). Opp. at 9. That is a non-sequitur. The school's policy that all teachers use the name and pronouns listed in the Power School database is an administrative requirement that does not conflict with Mr. Kluge's religious beliefs. But it is a wholly separate question of whether Mr. Kluge's accommodation—which would allow him to *refuse* to call transgender students by gender-affirming names—imposed an undue hardship on the school. As *amici* explain, allowing a teacher to intentionally refuse to use gender-affirming names would deprive transgender students of a secure and supportive educational environment that increases the opportunity for academic success.

3

the amici "ha[d] 'a unique perspective, or information, that [could] assist the court'"); *Tully v. Okeson*, 481 F. Supp. 3d 816, 826 n.7 (S.D. Ind. 2020) (granting Disability Rights Education and Defense Fund leave to file amicus brief, and expressing gratitude "for the amicus brief and its valuable insights into COVID-19's impact on Hoosier voters with disabilities"); *Common Cause Indiana v. Lawson*, No. 1:17-cv-03936-TWP-MPB, 2018 WL 1070472, at *6 (S.D. Ind. Feb. 27, 2018) (allowing Public Interest Legal Foundation to participate as an amicus).

Other courts outside of this District have likewise permitted *amici* to file briefs on issues affecting transgender youth.  *See, e.g.*, *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 594 & n.1 (4th Cir. 2020) (crediting "leading medical, public health, and mental health organization[]" amici, including the American Medical Association ("AMA") and the American Academy of Pediatrics ("AAP"), with helping the court to "develop[] a fact-based understanding of what it means to be transgender, along with the implications of gendered-bathroom usage for transgender students"); *Adams by Kasper v. Sch. Bd. of St. Johns Cnty.*, 318 F. Supp. 3d 1293, 1299 n.14 (M.D. Fla. 2018) (granting AMA and AAP leave to file an amicus brief in support of a transgender male student in a lawsuit challenging a school board's policy of prohibiting the student from using the boys' bathroom at school); *see also Bostic v. Schaefer*, 760 F.3d 352, 383-84 (4th Cir. 2014) (describing an amicus brief filed by AAP and the National Association of Social Workers on the issue of childrearing by same sex couples as "extremely persuasive").

Although Mr. Kluge acknowledges these analogous authorities, he contends that they are inapposite because they concerned Equal Protection claims under the Fourteenth Amendment. Opp. at 8-9.  According to Mr. Kluge, unlike Equal Protection claims, "this case does not require the Court to balance Mr. Kluge's rights against the interests of transgender students." *Id.* at 9.  Not so.  Title VII requires the Court to assess whether Mr. Kluge's proposed accommodation presented

an undue hardship to the school. 42 U.S.C. § 2000e(j). That assessment unquestionably requires the Court to determine whether Mr. Kluge's accommodation harmed transgender students at BCSC, and *amici*'s submission bears directly on that question.

## **CONCLUSION**

For the foregoing reasons, *amici* respectfully request that this Court grant their motion for leave to file an *amicus curiae* brief in support of BCSC's Motion for Summary Judgment. Moreover, Mr. Kluge's alternative request for leave to respond to the *amicus* brief should be denied because Mr. Kluge has already presented arguments in his opposition to the *amici*'s submission, and will have a further opportunity to respond when he files his Reply in Support of Motion and Response in Opposition to Cross-Motion. Any additional opportunity for Mr. Kluge to respond would be duplicative and unnecessary.

| | |
|---|---|
| Dated: April 5, 2021 | Respectfully submitted, |
| | /s/ *D. Jean Veta* |

D. Jean Veta♦
Henry Liu♦
Komal Shah♦
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone: (202) 662-6000
jveta@cov.com
hliu@cov.com
kshah@cov.com

Paul D. Castillo♦
Camilla B. Taylor*♦
LAMBDA LEGAL
3500 Oak Lawn Avenue
Suite 500
Dallas, TX 75219-6722
Phone: (214) 219-8585
pcastillo@lambdalegal.org
ctaylor@lambdalegal.org
* Chicago Office

Kevin M. Toner
Christopher E. Kozak
PLEWS SHADLEY RACHER & BRAUN LLP
1346 N Delaware St.
Indianapolis, IN 46202
Phone: (317) 637-0700
ktoner@psrb.com
ckozak@psrb.com

♦ *Admitted pro-hac vice*

*Counsel for the National Association of Social Workers and its Indiana Chapter, the American Academy of Pediatrics, the Indiana Chapter of the American Academy of Pediatrics, the American Medical Association, and the Indiana Youth Group*

6

## CERTIFICATE OF SERVICE

       I hereby certify that on April 5, 2021, a copy of the foregoing Reply in Support of Motion for Leave to File Brief of Amici Curiae was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  */s/ D. Jean Veta*