IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. KLUGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19-cv-02462-JMS-DLP |
| ) | |
| BROWNSBURG COMMUNITY ) | |
| SCHOOL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**Motion to Vacate and Continue Final Pre-Trial Conference and Trial
in Light of Pending Motions for Summary Judgment**

Comes now, Defendant Brownsburg Community School Corporation, by counsel, and states as follows for its Motion to Vacate and Continue Final Pre-Trial Conference and Trial in Light of Pending Motions for Summary Judgment:

1. This matter is currently set for a final pre-trial conference on July 29, 2021, at 9:00 a.m. and trial on August 23, 2021, at 9:00 a.m. (Dkt. 78.)

2. On May 4, 2021, Defendant filed its Reply Brief in Support of Cross-Motion for Summary Judgment, which rendered the parties' summary judgment motions fully briefed and ripe for the Court's review. (Dkt. 150.)

3. All summary judgment briefing was submitted consistent with the parties' joint motion and the Court's order granting that motion. (Dkt. 108, 109.)

4. The tasks the parties must complete before the final pre-trial conference include:

   a. Filing a list of witnesses who are expected to testify at trial;

   b. Preparing and numbering all exhibits that will be used at trial; and

   c. Providing the other party and the Court any trial brief, motions in limine, proposed jury instructions, and voir dire questions.

5. The undersigned respectfully submits that with the possible exception of preparing a list of expected trial witnesses, performing the tasks mentioned above, as well as other necessary trial-preparation tasks (witness preparation, formulating opening and closing arguments, etc.), is impossible to predict absent a ruling on the summary judgment motions.

6. The upshot of this dilemma will be that the undersigned (and Plaintiff's counsel) will have to assume the Court will deny the summary judgment motions in their entirety. But that can lead to numerous inefficiencies. For example, if the Court grants Defendant's motion in its entirety, all of the parties' counsel's trial work will have been for naught. Similarly, if the Court grants Defendant's motion on Plaintiff's failure-to-accommodate claim but denies its motion on Plaintiff's retaliation claim, the undersigned will have to rework many aspects of its trial preparation, including exhibits and the order and questioning of witnesses, to name but a few. In fact, the only result that avoids inefficiencies is if the Court denies both parties' summary judgment motions, and of course there also is the possibility that the Court will not have yet ruled on summary judgment by the time of trial, again rendering the parties' efforts all for naught.

7. The undersigned respectfully submits that the parties (and the Court) should not have to prepare for trial in the face of such uncertainties and that vacating and continuing the final pre-trial conference and trial until after the Court rules on the summary judgment motions will advance judicial economy and save the parties substantial time and expense.

8. Defendant's first day of classes for the 2021-2022 school year is July 29, 2021. The undersigned anticipates that several of Defendant's administrators will be called as defense witnesses and/or subpoenaed by the Plaintiff to testify, including the superintendent, the assistant superintendent, the high school principal, and the human resources director. They will have to

prepare in the weeks preceding trial and be ready during the week of trial. If trial does not occur, then it will be a misuse of these administrators' time. Further, it trial does not occur and one or more of Plaintiff's claims survive summary judgment, then the administrators will have to prepare once again at a later date.

9. The undersigned has reached out to Plaintiff's counsel about vacating and continuing the final pre-trial conference and trial. Plaintiff's counsel has indicated that Plaintiff objects to any such motion.

10. Consistent with Local Rule 16-3, the undersigned has consulted with his client before pursuing this Motion.

11. This Motion is for legitimate purposes and not for purposes of unnecessary delay. Further, this Motion is Plaintiff's first request to vacate and continue the final pre-trial conference and trial.

Wherefore, Defendant Brownsburg Community School Corporation, by counsel, requests that the Court grant this Motion and award all other just and appropriate relief.

Respectfully submitted,

/s/ Brent R. Borg_____
Alexander P. Pinegar, Attorney No. 26543-49
Brent R. Borg, Attorney No. 27415-29
Church Church Hittle + Antrim
10765 Lantern Road, Suite 201
Fishers, IN  46038
317-773-2190

Attorneys for Defendant
Brownsburg Community School Corporation

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 1st day of July, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system:

Kevin E. Green
Kevin Green Associates
456 N. Meridian Street, #1517
Indianapolis, IN 46204
keglegal@aol.com

Michael J. Cork
Michael J. Cork, Esq.
5754 N. Delaware St.
Indianapolis, IN 46220-2528
cork0@icloud.com

Roscoe Stovall, Jr.
Roscoe Stovall, Jr. & Associates
2 West Main Street
Mooresville, IN 46158
rstovall@roscoelaw.com

    /s/ Brent R. Borg
    Brent R. Borg, Attorney No. 27415-29