UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN M. KLUGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02462-JMS-KMB |
| | ) | |
| BROWNSBURG COMMUNITY SCHOOL CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 6, 2023, the Magistrate Judge issued an Entry setting forth a briefing schedule for cross-motions for summary judgment that the parties plan to file in this case. [Filing No. 178.] On October 19, 2023, an individual from the office of one of Plaintiff John Kluge's counsel contacted the undersigned's chambers to inquire regarding the deadline for filing any amicus curiae briefs. This Order addresses that inquiry.

The Court notes that it declined the opportunity to consider amicus curiae briefs in connection with the parties' first round of cross-motions for summary judgment. *See Kluge v. Brownsburg Comm. Sch. Corp.*, 548 F. Supp. 3d 814, 832-34 (S.D. Ind. 2021). The Court found that the information and perspectives provided by organizations who had been permitted to submit amicus curiae briefs in other cases were not necessary in this case, and that the Court would resolve the cross-motions for summary judgment by considering only the parties' briefs. *Id.* at 834.

As with the parties' first round of cross-motions for summary judgment, the Court does not anticipate the need to consult material outside of the parties' briefs to decide the narrow issues that will be before it. As the Supreme Court has explained, "[i]n our adversarial system of adjudication, we follow the principle of party presentation, [which is] designed around the premise that parties

1

represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quotations and citations omitted). The Court anticipates counsel here will capably present the issues that are "best for them." *Id.*

Moreover, the Court notes, "[t]he term 'amicus curiae' means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Should the Court determine that following the parties' briefing it is in need of further briefing, an appropriate order inviting amicus briefs will issue. To be clear, it is the Court's intention to focus on the facts and legal claims raised in this case by the parties in ruling on any anticipated motion.

Date: 10/20/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**