UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN M. KLUGE,

                                    Plaintiff,

                    v.

BROWNSBURG COMMUNITY SCHOOL
CORPORATION, *et al.*,

                                    Defendants.

Case No. 1:19-cv-2462-JMS-KMB

THE HONORABLE
JANE MAGNUS-STINSON

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff John Kluge moves this Court for summary judgment against Defendant Brownsburg Community School Corporation ("the district") under FED. R. CIV. P. 56 and S.D. Ind. L.R. 65-1 on his Title VII claims of religious discrimination and retaliation. He seeks summary judgment because there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law on the district's liability for failing to accommodate his sincerely held religious belief in the absence of undue hardship and for retaliating against him for insisting on such accommodation.

Mr. Kluge's motion should be granted for the following reasons:

1.  There is no genuine dispute that Mr. Kluge has a sincerely held religious belief against encouraging gender dysphoria by regularly using transgender names and pronouns, that this conflicted with the district's employment requirements, and that this led to his forced resignation.

2.  Starting in July 2017, the district provided Mr. Kluge the reasonable accommodation of using last names only for all students—an accommodation Mr. Kluge proposed and to which the district agreed in writing.

3.  Starting in December 2017, district officials pressured Mr. Kluge to resign, citing a few negative reactions to his religious beliefs and to his accommodation.

4.  In January 2018, the district announced new policies in a publication entitled *Transgender Questions* that allowed for no accommodation of teachers' sincerely held religious beliefs.

5.  In February 2018, district officials notified Mr. Kluge that his accommodation would be rescinded, that they would not allow any religious accommodations (*i.e.*, that they were only "willing to accommodate people who follow the policies" [Filing No. 113-4 at 29 (Gordon Dep. Ex. 29 at p. 10, lines 6–8)]), and that he could comply with the district's transgender terminology rules, resign, or be terminated—without first determining or even claiming that it was an undue hardship for the district to continue accommodating his sincerely held religious beliefs as it had since July 2017.

6.  District officials admit they never offered Mr. Kluge any alternate accommodation for his sincerely held religious beliefs.

7.  Instead, district officials forced Mr. Kluge to resign, first assuring him that he could do so conditionally and then forcing his resignation over his objection and attempts to rescind it.

8.  The only contemporaneous reason district officials gave for rescinding Mr. Kluge's accommodation and then forcing him to resign was the negative reactions of a few third parties (*i.e.*, teachers, students, parents) to Mr. Kluge's religious beliefs and that they were being accommodated. Such reactions do not represent an undue hardship for the district, particularly in the context of its overall business.

9.  There is also no genuine dispute (a) that Mr. Kluge engaged in statutorily protected activities when he opposed the district's transgender terminology rules, which permitted no religious accommodations, and requested accommodation of his beliefs, or (b) that Mr. Kluge suffered an adverse action that would deter employees from seeking religious accommodations or raising concerns about discrimination when the district rescinded his accommodation and then forced him to resign.

2

10. The only reason the district rescinded Mr. Kluge's accommodation and then forced him to resign was the negative reactions of a few third parties to Mr. Kluge's religious beliefs and that they were accommodated. Such reactions do not represent an undue hardship or a legitimate, nondiscriminatory reason for the adverse action.

In support of his summary judgment motion, Mr. Kluge relies on all evidence previously filed in this case and specifically references the following documents:

1. Accommodation Agreement, Filing No. 15-1;

2. Mr. Kluge's Conditional Resignation, Filing No. 15-2;

3. Mr. Kluge's Resignation Rescission, Filing No. 15-3;

4. *Transgender Questions*, Filing No. 15-4;

5. Declaration of Aidyn Sucec in Support of Indiana Youth Group, Inc.'s Motion to Intervene as a Defendant, Filing No. 22-3;

6. John M. Kluge Declaration in Support of Plaintiff's Objection to Indiana Youth Group, Inc.'s Proposed Intervention, Filing No. 52-1;

7. Natalie Gain Declaration in Support of John Kluge's Objection to Indiana Youth Group, Inc.'s Proposed Intervention, Filing No. 52-2;

8. Lauren Bohrer Declaration in Support of John Kluge's Objection to Indiana Youth Group, Inc.'s Proposed Intervention, Filing No. 52-3;

9. Kennedy Roberts Declaration in Support of John Kluge's Objection to Indiana Youth Group, Inc.'s Proposed Intervention, Filing No. 52-4;

10. Mary Jacobson Declaration in Support of John Kluge's Objection to Indiana Youth Group, Inc.'s Proposed Intervention, Filing No. 52-5;

11. Jeff Gracey Declaration in Support of John Kluge's Objection to Indiana Youth Group, Inc.'s Proposed Intervention, Filing No. 52-6;

12. Declaration of Samuel Willis in Support of Indiana Youth Group, Inc.'s Motion to Intervene as a Defendant, Filing No. 58-1;

13. Defendants' Answer to Plaintiff's First Amended Complaint and Demand for Jury Trial, Filing No. 71;

14. Selected Exhibits from John Kluge's Deposition, Filing No. 113-1;

15. John M. Kluge Declaration in Support of Plaintiff's Motion for Summary Judgment, Filing No. 113-2;

16. Excerpts and Selected Exhibits from Jodi Gordon's Deposition, Filing No. 113-4;

17. Excerpts and Selected Exhibit from Bret Daghe's Deposition, Filing No. 113-5;

18. Excerpts and Selected Exhibit from James Snapp's Deposition, Filing No. 113-6;

19. Affidavit of Kathryn Jessup, Filing No. 120-1;

20. Affidavit of Bret Daghe, Filing No. 120-2;

21. Deposition Excerpts of John Kluge, Filing No. 120-3;

22. Deposition Excerpts of Dr. Bret Daghe, Filing No. 120-5;

23. Email from Lori Mehrtens to Plaintiff Dated July 17, 2017 at 7:58 a.m., Filing No.120-10;

24. Excerpts of Deposition of Craig Lee, Filing No. 120-14;

25. Email from Craig Lee to Dr. Bret Daghe Dated August 29, 2017, Filing No. 120-15;

26. Email from Plaintiff to Dr. Jim Snapp and Dr. Bret Daghe Dated February 4, 2018, Filing No. 120-16;

27. Emails Between Plaintiff and Jodi Gordon Dated April 30, 2018, Filing No. 120-17;

28. June 2018 Regular Board Meeting Minutes, Filing No. 120-18;

29. Plaintiff's Response to Defendant's First Request for Production No. 6, Filing No. 120-19;

30. Defendant's Brief in Support of Cross-Motion for Summary Judgment and Response to Plaintiff's Motion for Partial Summary Judgment, Filing No. 121; and

31. Defendant's Reply Brief in Support of Cross-Motion for Summary Judgment, Filing No. 150.

In addition, Mr. Kluge files with this motion an additional exhibit: Defendants' Responses to Plaintiff's Second Set of Interrogatories.

Mr. Kluge will file Plaintiff's Brief in Support of Motion for Summary Judgment, which details the factual and legal grounds for this motion.

THUS, Mr. Kluge respectfully requests this Court to enter summary judgment in his favor that the district violated his rights under Title VII of the Civil Rights Act by failing to accommodate his sincerely held religious beliefs in the absence of undue harm and by retaliating against him for insisting on such accommodation.

Respectfully submitted this 3rd day of November, 2023.

MICHAEL J. CORK
**MICHAEL J. CORK, ESQ.**
5754 North Delaware Street
Indianapolis, Indiana 4620-2528
Telephone: (317) 517–4217
cork0@icloud.com

*/s/ Travis C. Barham*
TRAVIS C. BARHAM*
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Road N.E., Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
tbarham@ADFlegal.org

TYSON C. LANGHOFER*
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707–4655
Facsimile: (571) 707–4656
tlanghofer@ADFlegal.org

* Admitted *pro hac vice.*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, a digital copy of the foregoing document was filed electronically with the Court using its electronic filing system, which automatically sends an electronic notification to all attorneys of record.

Respectfully submitted this the 3rd day of November, 2023.

*/s/ Travis C. Barham*

TRAVIS C. BARHAM
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road N.E., Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
tbarham@ADFlegal.org

*Attorney for Plaintiff*

6