IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. KLUGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-cv-02462-JMS-DLP |
| | ) |
| BROWNSBURG COMMUNITY SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendant Brownsburg Community School Corporation ("Brownsburg"), by counsel, respectfully submits this Notice of Supplemental Authority in support of its Motion for Summary Judgment and in opposition to Plaintiff's Motion for Summary Judgment.

On March 7, 2024, the Equal Employment Opportunity Commission ("EEOC") decided * * * *a/k/a Barrett V., Complainant*, *v. Vilsack*, EEOC DOC 2019005478, 2024 WL 1155256, at *1 (Mar. 7, 2024), available on Westlaw and attached hereto as Exhibit A. *Barrett* was an appeal of an earlier EEOC decision that was decided against the Complainant, referred to as the pseudonym "Barrett," and in favor of his employer, the Natural Resources Conservation Service ("NRCS"). Barrett worked as a Design Engineer at the NRCS in Temple, Texas, when, in October 2018, NRCS directed him to attend a mandatory civil rights training for NRCS employees. *Id.* Barrett sought to leave the room during any training on "LGTB issues," citing his "sincerely held [Roman Catholic] religious beliefs which are protected beliefs, expressly protected by federal law." *Id.* The NRCS told Barrett that the training was mandatory and he could not skip any portion of it. *Id.* at *2. Barrett attended the training and then filed a complaint with the EEOC against the NRCS for disparate treatment, based on

1

religion, and religious discrimination, based on failure to accommodate. *Id.* at 3. The NRCS responded, in part, that it would have been an undue hardship for it to excuse Barrett from the training, because "employers need to make sure that employees know about, and comply with, workplace rules that govern discrimination and harassment." *Id.* The EEOC found for the NRCS on both of Barrett's claims, and Barrett appealed. *Id.*

The EEOC's opinion on appeal of Barrett's claims is significant to this case for its in-depth discussion of undue hardship post-*Groff v. DeJoy*, 143 S. Ct. 2279 (2023). As addressed in previous briefings, an employer is not liable for failing to accommodate an employee's religious practice if doing so would impose an "undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). The Supreme Court held in *Groff* that "'undue hardship' is shown when a burden is substantial in the overall context of an employer's business." 143 S. Ct. at 2294. The Court went on to state that "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* at 2295.

The EEOC, applying *Groff*'s clarified standard for undue hardship, affirmed its earlier decision and held that requiring the NRCS to excuse Barrett from the training would impose an undue hardship on the NRCS by preventing it from training its employee about anti-discrimination rights and obligations. *Barrett*, 2024 WL 1155256, at *9-10. According to the EEOC's application of *Groff*, "the impact of the accommodation on the rights of other employees who are part of the business is relevant to the undue hardship analysis." *Id.* at 9 (interpreting *Groff*, 143 S. Ct. at 2294). Particularly, "impacts on rights and interests that are protected by Title VII itself" are appropriate to consider, because "if employers were required to make accommodations that violated the workplace rights of other employees, 'Title VII

2

would be at war with itself.'" *Id.* at *9 (quoting *Groff*, 143 S. Ct. at 2296). The EEOC expressly determined that an accommodation "may impose undue hardship on the conduct of an employer's business if it interferes with the employer's efforts to meet its other legal obligations under Title VII or other equal employment opportunity laws." *Id.* at 10.

The *Barrett* decision supplements Brownsburg's argument, in its Brief in Support of Cross-Motion for Summary Judgment and in Response to Plaintiff's Motion for Summary Judgment, that the accommodation Brownsburg initially offered Kluge (of calling students by their last names only) imposed an undue hardship because it exposed Brownsburg to an unreasonable risk of liability for discrimination against transgender students. [Filing No. 185 at 40-41] It follows from the EEOC's decision in *Barrett* that an accommodation that would interfere with Brownsburg's ability to meet its Title IX and other legal and constitutional obligations to students would cause Brownsburg undue hardship. Both in theory and in practice, the accommodation interfered with Brownsburg's ability to ensure it was not treating transgender students differently on the basis of their sex and exposing itself to liability, particularly in light of the Seventh Circuit's then-valid opinion in *Whitaker ex rel. Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1038-39 (7th Cir. 2017). [*See* Filing No. 185 at 40-41.] *Barrett* provides further support for this position in the form of official EEOC interpretation and application of *Groff*.

Other aspects of the EEOC's opinion are also supportive of Brownsburg's position. Kluge argued in his briefing that Brownsburg did not show increased financial costs related to the last-names-only accommodation, [Filing No. 183 at 31-32], but according to the EEOC, *Groff* has not changed the fact that an undue hardship analysis "is not limited to considerations of *financial* cost." 2024 WL 1155256, at *9 (emphasis added) ("Indeed, Title VII does not

3

refer to 'cost' at all."). Additionally, the EEOC opinion contradicts Kluge's argument that an employer must be on the "razor's edge of liability" before hypothetical litigation could form the basis of an undue hardship. [Filing No. 183 at 36-37] It is enough that the accommodation interfered with Brownsburg's ability to ensure compliance with all applicable laws and regulations.

Lastly, *Barrett* demonstrates that, as the *Groff* Court predicted, there is no need for a complete overhaul of past EEOC guidance and interpretation related to undue hardship, much of which relies on a long line of case law related to this issue. *See* 143 S. Ct. at 2296 ("We have no reservations in saying that a good deal of the EEOC's guidance in this area is sensible and will, in all likelihood, be unaffected by our clarifying decision today.") There is similarly no need for this Court to change its analysis of this case post-*Groff*. *Barrett* shows that many of the factors and circumstances that weighed in favor of undue hardship prior to *Groff* remain valid considerations today.

WHEREFORE, Defendant respectfully requests that the Court consider this supplemental, persuasive authority, which was not available at the time of Defendant's deadlines for its briefing of the cross-motions for summary judgment.

Respectfully submitted,

/s/ *Brent R. Borg*
Alexander P. Pinegar, Attorney No. 26543-49
Brent R. Borg, Attorney No. 27415-29
Church Church Hittle + Antrim
10765 Lantern Road, Suite 201
Fishers, IN 46038
317-773-2190

Attorneys for Defendant
Brownsburg Community School Corporation

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2024, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system:

Travis C. Barham
Alliance Defending Freedom
1000 Hurricane Shoals Road, N.E., Ste D-1100
Lawrenceville, GA 30043
tbarham@ADFlegal.org

Michael J. Cork
Michael J. Cork, Esq.
5754 N. Delaware St.
Indianapolis, IN  46220-2528
cork0@icloud.com

Tyson C. Langhofer
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
tlanghofer@ADFlegal.org

/s/ *Brent R. Borg*
Brent R. Borg, Attorney No. 27415-29