UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. KLUGE,<br><br>                              *Plaintiff,*<br><br>     v.<br><br>BROWNSBURG COMMUNITY SCHOOL CORPORATION, *et al.*,<br><br>                             *Defendants.* | **Case No. 1:19-cv-2462-JMS-KMB**<br><br>THE HONORABLE<br>JANE MAGNUS-STINSON |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION .............................................................................................................. 1

    I.    The EEOC decision bears little (if any) resemblance to Mr. Kluge's case as it involved no conflict between the employee and employer. .................. 1

    II.    This Court must follow the Supreme Court, not the EEOC. ....................... 2

    III.    The district flunks the EEOC's undue hardship standards. ....................... 3

        A. Mr. Kluge's accommodation posed no risk to others' rights. .................. 3

        B. The EEOC recognizes complaints do not create undue hardships. ........ 4

CONCLUSION .................................................................................................................. 4

CERTIFICATE OF SERVICE ............................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*EEOC v. Arabian American Oil, Co.*,
　　499 U.S. 244 (1991) ............................................................................................... 3

*General Electric Co. v. Gilbert*,
　　429 U.S. 125 (1976) ............................................................................................... 3

*Groff v. DeJoy*,
　　600 U.S. 447 (2023) ........................................................................................ 1, 2, 4

*Kluge v. Brownsburg Community School Corp.*,
　　548 F. Supp. 3d 814 (S.D. Ind. 2021) .................................................................... 2

*Skidmore v. Swift & Co.*,
　　323 U.S. 134 (1944) ............................................................................................... 3

*Zamecnik v. Indian Prairie School District Number 204*,
　　636 F.3d 874 (7th Cir. 2011) ................................................................................. 3

**Other Authorities**

*\*\*\* a/k/a Barrett V. v. Vilsack*,
　　2024 WL 1155256 (Mar. 7, 2024) ................................................................. 1, 2, 3, 4

**INTRODUCTION**

The district's notice—which contains more argument than notice—changes nothing in this case. [Defs.' Not. of Suppl. Auth. ("Def.'s Not."), Filing No. 188.] It just highlights an EEOC decision affirming an employer's right to require an employee to attend informational training sessions that pose no conflict with an employee's religious beliefs. *See \*\*\* a/k/a Barrett V. v. Vilsack*, 2024 WL 1155256, \*7–11 (Mar. 7, 2024). That's a far cry from the district's mandate that Mr. Kluge utter words that contradict his faith and that he believes represent a lie perilous to his soul.

Plus, the district flunks the EEOC's undue hardship standards. The EEOC notes that employers have an interest protecting the rights of all employees. *Id.* at \*9. But allowing one teacher in over 160 to remain silent on transgender issues and focus on teaching poses no danger to anyone's rights. And it affirms that the district was wrong to rescind this accommodation to placate a few complaints. *Id.* at \*10.

The EEOC largely confirms what the Supreme Court already made clear in *Groff v. DeJoy*, 600 U.S. 447 (2023): the district discriminated against Mr. Kluge by withdrawing his accommodation without demonstrating undue hardship.

**I.     The EEOC decision bears little (if any) resemblance to Mr. Kluge's case as it involved no conflict between the employee and employer.**

The district glosses over the facts of the EEOC's decision [Def.'s Not., Filing No. 188, at 1–2], perhaps because they contrast sharply with those here.

Barrett objected to attending a training session. *Barrett*, 2024 WL 1155256, at \*1. His employer assured him this "training did not require employees to change their personal beliefs" but provided information about applicable law and policies. *Id.* (cleaned up); *accord id.* (assuring him training "does not tell employees to value different sexual orientations"). Further investigation revealed the training would include "no direct discussions on LGTB issues." *Id.* at \*2. This proved correct. Even he admitted "only a few minutes were spent covering an LGBT scenario and the scenario was professional, proportionate, and produced in a manner that was respectable [sic]

1

to those sincerely held religious beliefs like mine." *Id.*; *id.* at *3 (same). So he failed to identify a conflict between his beliefs and listening to the training. *Id.* at *7–8.

In stark contrast, Mr. Kluge identified a conflict between his religious beliefs and the district's transgender terminology mandate. *Kluge v. Brownsburg Cmty. Sch. Corp.*, 548 F. Supp. 3d 814, 842 (S.D. Ind. 2021) ("Mr. Kluge's religious beliefs objectively conflict with [district policies and] other requirements concerning how faculty and staff address and refer to transgender students."). The district concedes this conflict. [Pl.'s Reply & Resp., Filing No. 186, at 13–14.] It was not requiring him to sit and listen; it required him to say things that he believes are harmful and sinful.

## II.     This Court must follow the Supreme Court, not the EEOC.

The district cites the EEOC to say that undue hardship "'is not limited to considerations of *financial* cost.'" [Def.'s Not., Doc. 188, at 3 (quoting *Barrett*, 2024 WL 1155256, at *9 (emphasis added by district)). As support, the EEOC quotes one line from *Groff* that explains that an "undue burden" must be "substantial *in the overall context of an employer's business*." *Barrett*, 2024 WL 1155256, at *9 (emphasis added by EEOC). Then it quips that "Title VII does not refer to 'cost' at all." *Id.*

Perhaps, but *Groff* does. The Court was well aware of Title VII's text. *Groff*, 600 U.S. at 457–58 (tracing text's history). The line the EEOC quotes contrasts "undue hardship" with the phrase "more than a *de minimis* cost." *Id.* at 468. That's not all *Groff* says on the subject. It goes on to say that "undue hardship" means "something closer to … 'substantial additional costs' or 'substantial expenditures.'" *Id.* at 469. Summing up, *Groff* held that "an employer must show that the burden of granting an accommodation would result in *substantial increased costs*." *Id.* at 470 (emphasis added). The district and the EEOC simply ignore these statements.

Plus, *Groff* refused to endorse past EEOC guidance. *Id.* at 471. Indeed, EEOC decisions receive little deference, and that depends on "the thoroughness evident in [the EEOC's] consideration, the validity of its reasoning, its consistency with earlier

2

and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 142 (1976) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *EEOC v. Arabian Am. Oil, Co.*, 499 U.S. 244, 257 (1991) (same) The EEOC's quip about Title VII's text (as if *Groff* were unaware of it) and its failure to address *Groff's* repeated references to increased financial costs undermine its "power to persuade."

This Court must follow *Groff*. The district failed to show Mr. Kluge's accommodation resulted in any increased costs [Pl.'s Reply & Resp., Filing No. 186, at 17–19] and disclaimed reliance on increased costs [Filing No. 182-1 at 2.].

### III. The district flunks the EEOC's undue hardship standards.

The district claims that the EEOC decision's "discussion of undue hardship" is "significant." [Defs.' Not., Filing No. 188, at 2.] Yet that analysis cuts decidedly in Mr. Kluge's favor. His accommodation—which merely allowed him to say nothing about transgenderism—endangered no one's rights. A few complaints don't change this.

#### A. Mr. Kluge's accommodation posed no risk to others' rights.

The district highlights the EEOC's statements that "the impact of the accommodation on the rights of other employees … is relevant to the undue hardship analysis" and that employers need not "make accommodations that violate[ ] the workplace rights of other employees" [*Id.* (quoting *Barrett*, 2024 WL 1155256, at *9).] But the district never even raised the issue of other employees' rights.

Instead, it focused on students. [Def.'s Summ. J. Br., Filing No. 185, at 37–40.] And it never showed that remaining silent on transgenderism violates any student's rights. For students have no right to require others to affirm their beliefs. *Zamecnik v. Indian Prairie Sch. Dist. No. 204*, 636 F.3d 874, 876 (7th Cir. 2011).

The district latches onto the EEOC's statement that an undue hardship can arise if an accommodation "interferes with the employer's efforts to meet its other legal obligations under Title VII or other equal employment opportunity laws." [Def.'s

3

Not., Filing No. 188, at 3 (quoting *Barrett*, 2024 WL 1155256, at *10).] It extrapolates this to Title IX, which is not an employment statute, pointing to a case where a school treated students differently based on gender identity. [*Id.*] Yet Mr. Kluge treated all students the same, creating no risk of litigation, jeopardizing no one's rights, and doing nothing to prevent the district from complying with the law. And the EEOC decision says nothing to contradict Seventh Circuit precedent that the district must show the accommodation placed it on the "razor's edge of litigation." [Pl.'s Summ. J. Br., Filing No. 183, at 30–31; Pl.'s Reply & Resp., Filing No. 186, at 30–32.]

### B. The EEOC recognizes complaints do not create undue hardships.

The EEOC recognized that "undue hardship does not include 'a coworker's dislike of religious practice and expression in the workplace or the mere fact of an accommodation.'" *Barrett*, 2024 WL 1155256, at *10 (quoting *Groff*, 600 U.S. at 472). It observed that this training "did not require [Barrett] to affirmatively profess support for values that are contrary to his religious beliefs." *Id.* If it did, the undue hardship calculus would have likely tilted in his favor. *Id.* at *10 n.13.

Here, the district's transgender-terminology mandate forced Mr. Kluge "to affirmatively profess support for values that are contrary to his religious beliefs." *Id.* at *10. And the district rescinded his accommodation precisely because a few students, parents, and teachers complained about it, displaying the very hostility to his faith and to the accommodation of it that *Groff*—and now the EEOC—condemn. [Pl.'s Summ. J. Br., Filing No. 183, at 26–28; Pl.'s Reply & Resp., Filing No. 186, at 19–23.] This violates Title VII, and thus, Mr. Kluge is entitled to summary judgment.

### Conclusion

The EEOC ruled employers can require employees to attend silently a training session when the employees do not have to say anything that violates their religious beliefs. But the district refused to let Mr. Kluge remain silent on transgenderism, forcing him to violate his beliefs. Thus, this EEOC decision changes nothing.

4

Respectfully submitted this 28th day of March, 2024.

|  |  |
|---|---|
| Michael J. Cork<br>**Michael J. Cork, Esq.**<br>5754 North Delaware Street<br>Indianapolis, Indiana 4620-2528<br>Telephone: (317) 517–4217<br>cork0@icloud.com | */s/ Travis C. Barham*<br>Travis C. Barham*<br>**Alliance Defending Freedom**<br>1000 Hurricane Shoals Road N.E., Ste. D-1100<br>Lawrenceville, Georgia 30043<br>Telephone: (770) 339–0774<br>Facsimile: (770) 339–6744<br>tbarham@ADFlegal.org<br><br>Tyson C. Langhofer*<br>**Alliance Defending Freedom**<br>44180 Riverside Parkway<br>Lansdowne, Virginia 20176<br>Telephone: (571) 707–4655<br>Facsimile: (571) 707–4656<br>tlanghofer@ADFlegal.org |
| * Admitted *pro hac vice.* | |

*Attorneys for Plaintiff*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2024, a digital copy of the foregoing document was filed electronically with the Court using its electronic filing system, which automatically sends an electronic notification to all attorneys of record.

Respectfully submitted this the 28th day of March, 2024.

*/s/ Travis C. Barham*
TRAVIS C. BARHAM
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road N.E., Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
tbarham@ADFlegal.org

*Attorney for Plaintiff*