IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. KLUGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:19-cv-02462-SEB-KMB |
| | ) |
| BROWNSBURG COMMUNITY SCHOOL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S LOCAL RULE 16-2 STATEMENT OF POSITION ON REMAND</u>**

Consistent with the Court's Order, [dkt. 202], and Local Rule 16-2, Defendant Brownsburg Community School Corporation ("Brownsburg"), by counsel, submits its statement of position regarding the actions this Court should take on remand.

The Seventh Circuit's Final Judgment provided that this case was remanded in accordance with the decision of the Court. [Dkt. 199 at 2.] The Court's Opinion reversed summary judgment to Brownsburg on the issue of undue hardship and remanded to the district court "for further proceedings *on that topic* consistent with this opinion." [Dkt. 199 at 37 (emphasis added).] Brownsburg requests that this Court: (1) reopen discovery on the issues of Brownsburg's undue hardship defense and Kluge's alleged damages; and (2) set a scheduling conference to establish deadlines related to such discovery and for summary judgment briefing on the issue of undue hardship under the clarified standard set by *Groff v. DeJoy*, 600 U.S. 447 (2023), and the Seventh Circuit in its most recent opinion.

When the parties first conducted discovery in this case, the Supreme Court of the United States had not yet decided *Groff*. In fact, Gerald Groff had only just filed suit in the United States District Court for the Eastern District of Pennsylvania, in May 2019, when Kluge filed his

1

lawsuit, in June 2019. At that time, Brownsburg's undue hardship defense was governed by the "more than *de minimis* cost" standard articulated in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977). Pre-*Groff* cases considering an undue hardship required an employer to show that a religious accommodation would impose more than a *de minimis* cost. *See, e.g.*, *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016).

After *Groff* was decided, this case was remanded back to this Court, for the first time, with instructions for this Court to apply *Groff*'s "clarified standard to the religious accommodation claim in the first instance." [Dkt. 168 at 2.] That is, Brownsburg was now required to show that Kluge's proposed accommodation resulted or would have resulted in "substantial increased costs in relation to the conduct of its particular business." *Groff*, 600 U.S. at 470. The Seventh Circuit left it open to this Court's discretion whether to reopen discovery on remand. [Dkt. 168 at 2.] Brownsburg and Kluge agreed discovery did not need to be reopened for the Court to apply *Groff* to the record as already developed. [Dkt. 173 at 1.] At that time, the parties had little guidance beyond *Groff* itself regarding what facts or circumstances might inform undue hardship analysis under *Groff*'s clarified standard.

Now, based on its most recent remand, the Seventh Circuit has provided guidance and new legal standards that were not available to the parties previously. In particular, the Seventh Circuit has determined the following:

- An employer must provide proof of its mission that existed prior to the decision to terminate an employee rather than provide a religious accommodation due to hardship in executing that mission [dkt. 199 at 21-22];

- Where an undue hardship defense is based on emotional harms, the employer must show that those injuries were objectively reasonable, not just subjectively perceived [dkt. 199 at 27-30]; and

- An employer must provide particularized proof of the costs or disruptions underlying the employer's decision that it could not sustain to accommodate an

employee's religious belief, in addition to evidence that the employer reasonably believed those costs or disruptions existed. [Dkt. 199 at 30-33.]

Brownsburg submits that circumstances have changed such that reopening discovery on the issue of undue hardship is appropriate. For instance, the Seventh Circuit has now set forth a requirement that Brownsburg prove the existence of its mission with evidence that pre-dates Kluge's accommodation request, which evidence is "subject to development and adversarial testing on remand." [Dkt. 199 at 22.] This evidence was not initially gathered or produced. It would be prejudicial to Brownsburg to require it to prove new contours of an undue hardship defense—contours which did not exist during the discovery in this case—without the opportunity to further develop the record. Indeed, earlier decisions from the Seventh Circuit have accepted as a given the employer's stated "mission" or "established theory and practice" without scrutiny. *See, e.g.*, *Ryan v. Dep't of Justice*, 950 F.2d 458, 461-62 (7th Cir. 1991); *Baz v. Walters*, 782 F.2d 701, 707-08 (7th Cir. 1986).

*Groff* clarified the standard for undue hardship, but the Seventh Circuit's Opinion changed that standard further in the context of the employer's mission, emotional harms, and the employer's burden to prove the evidence underlying its employment decision. The Seventh Circuit, perhaps recognizing the gaps in the record after its elaboration of how *Groff*'s clarified standard will apply, left it to this Court's discretion "whether to reopen discovery on remand." [Dkt. 199 at 39.] Brownsburg requests the Court exercise such discretion and reopen discovery on the facts and circumstances relevant to its undue hardship defense.

Additionally, "[a] renewed summary judgment motion is appropriate" when there is "an intervening change in the controlling law." *Garvin v. Wheeler*, 304 F.3d 628, 632 (7th Cir. 2002). Brownsburg requests that the Court allow the parties to submit renewed summary judgment briefing on the issue of undue hardship following a re-opening of discovery.

Brownsburg also requests discovery on Kluge's alleged damages because more than six years have passed since Kluge first filed this lawsuit, and additional discovery is needed to assess Kluge's post-Brownsburg employment opportunities and any mitigation of his damages.

    Respectfully submitted,

    By: /s/ Brent R. Borg
    Brent R. Borg
    Cassie N. Heeke
    Church Church Hittle + Antrim
    10765 Lantern Road, Suite 201
    Fishers, IN 46038
    317-773-2190
    bborg@cchalaw.com

    Alexander P. Pinegar
    Church Church Hittle + Antrim
    Two North Ninth Street
    Noblesville, IN 46060
    317-773-2190
    apinegar@cchalaw.com

    *Attorneys for Defendant*
    *Brownsburg Community School Corporation*

## CERTIFICATE OF SERVICE

      I certify that on November 4, 2025, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system:

Michael J. Cork
Michael J. Cork, Esq.
5754 N. Delaware St.
Indianapolis, IN  46220-2528
cork0@icloud.com

Kevin Edward Green
Kevin Green Associates
456 N. Meridian Street, #1517
Indianapolis, IN 46204
keglegal@aol.com

Tyson C. Langhofer
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
tlanghofer@ADFlegal.org

Christopher Edward Kozak
Kevin Morris Toner
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
ckozak@psrb.com
ktoner@psrb.com

Roscoe Stovall, Jr.
ROSCOE STOVALL, JR. & ASSOCIATES
2 West Main Street
Mooresville, IN 46158
rosstovall@gmail.com

Travis C. Barham
Alliance Defending Freedom
1000 Hurricane Shoals Road, N.E., Ste D-1100
Lawrenceville, GA 30043
tbarham@ADFlegal.org

Komal Shah
COVINGTON & BURLING, LLP
One CityCenter - 850 Tenth St., N.W.
Washington, DC 20001
kshah@cov.com

                              */s/ Brent R. Borg*
                               Brent R. Borg

Church Church Hittle + Antrim
10765 Lantern Road, Suite 201
Fishers, IN 46038
317-773-2190
bborg@cchalaw.com