**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JOHN M. KLUGE**,<br><br>*Plaintiff,*<br><br>v.<br><br>**BROWNSBURG COMMUNITY SCHOOL CORPORATION**, *et al.*,<br><br>*Defendants.* | **Case No. 1:19-cv-02462-SEB-KMB**<br><br>**THE HONORABLE**<br>**SARAH EVANS BARKER** |

**PLAINTIFF'S LOCAL RULE 16-2 STATEMENT**

Under S.D. IND. L.R. 16-2, Plaintiff John M. Kluge submits this statement outlining his position on what action this Court should take in this case after the recent remand from the U.S. Court of Appeals for the Seventh Circuit. *See* Order, Doc. 202, PageID.2696.

As this Court knows, this is the second time the Seventh Circuit has remanded this case. When the parties initially litigated before the district court, they conducted full discovery and then sought summary judgment. *See* Pl.'s Mot for Summ. J., Doc. 112, PageID.901–04; Defs.' Cross-Mot. for Summ. J., Doc. 120, PageID.1226–29. These proceedings led to the first appeal in this case, which concluded in the Seventh Circuit remanding the case for reconsideration in light of *Groff v. DeJoy*, 600 U.S. 447 (2023). *See* Am. Order Setting Status Conference, Doc. 171, PageID.2162–63 (summarizing Seventh Circuit rulings). But as this Court noted, the Seventh Circuit "left to the Court's discretion whether to reopen discovery on remand." *Id.*, PageID.2162.

On remand, the parties knew that they would be litigating under *Groff's* new standard for liability, but still agreed that discovery should not be reopened, and proposed a briefing schedule for dispositive motions. *See* Jt. Proposed Case Management Plan & Joint Local Rule 16-2 Statement, Doc. 173, PageID.2167. After holding a telephonic status conference, this Court agreed with the parties that discovery should

1

not be reopened, scheduled a settlement conference, and set deadlines for dispositive motions. *See* Entry from Telephonic Status Conference & Order Setting Case Management Deadlines, Doc. 178, Page ID.2177–78. Those dispositive motions led to the second appeal to the Seventh Circuit, which remanded due to "factual disputes about [1] whether [Mr. Kluge's last-name-only] accommodation disrupted Brownsburg's learning environment," Notice of Issuance of Mandate, Doc. 199, PageID.2643 (slip opinion at 30); [2] "whether [the complaints against Mr. Kluge] rose to an undue hardship on the school's educational mission," *id.*, PageID.2644 (slip opinion at 31); and [3] whether Mr. Kluge was sincere in his religious objection to Brownsburg's transgender terminology mandates, *id.*, PageID.2648 (slip opinion at 35).

On October 31, 2025, counsel for the parties conferred about how the remand should unfold, and Brownsburg's counsel mentioned that Brownsburg intends to seek additional discovery as to damages and liability with an eye towards filing a third summary judgment motion. Brownsburg's counsel asserted that *Groff's* new standard necessitated the additional liability discovery. But he also noted that Brownsburg is open to participating in a magistrate-hosted settlement conference.

Mr. Kluge opposes reopening discovery as to liability. The parties already engaged in thorough discovery within a reasonable time after the events that led to this lawsuit. And after the Seventh Circuit's first remand, they already knew that *Groff's* standards would control liability. Even so, they agreed that no further discovery was needed. To be sure, the parties have differing views of how the law applies to the facts and of witness credibility, but additional discovery into liability will not resolve them. Indeed, these are questions a jury needs to answer and that another round of summary judgment proceedings—where the facts are taken in the light most favorable to the nonmovant—cannot. Thus, this Court should not give Brownsburg a third bite at the discovery apple, which would only allow it to try to change its theory—all these years later—as to why it forced Mr. Kluge out of his teaching position.

Mr. Kluge is open to providing Brownsburg documentation regarding damages that is not already in the record. But this damages-related discovery should be pretrial discovery only. Two rounds of summary judgment proceedings are enough. Since summary judgment requires viewing the facts in the light most favorable to the non-movant, a third set of cross-motions simply cannot resolve the questions that the Seventh Circuit highlighted of how the law applies to the facts or which witnesses are more credible.

But before any of this takes place, it would likely be beneficial to allow the parties to explore the possibility of settlement in light of the latest proceedings. If the Court opts for this, requiring in-person attendance from the parties, with any insurance company representatives attending virtually, may maximize the chances of reaching a resolution.

In sum, Mr. Kluge submits that this Court should:

1. Set a status conference to discuss with the parties possible next steps in this remand, including a trial date and related pretrial deadlines;
2. Conclude again that discovery as to liability should not be reopened;
3. Limit any additional discovery to pretrial discovery into damages; and
4. Set the date for a settlement conference hosted by Magistrate Judge Barr that the parties should attend in person and any insurance company representatives should attend virtually.

Respectfully submitted this 4th day of November, 2025.

|  |  |
|---|---|
| MICHAEL J. CORK<br>**MICHAEL J. CORK, ESQ.**<br>5754 North Delaware Street<br>Indianapolis, Indiana 4620-2528<br>Telephone: (317) 517–4217<br>cork0@icloud.com | */s/ Travis C. Barham*<br>TRAVIS C. BARHAM*<br>**ALLIANCE DEFENDING FREEDOM**<br>1000 Hurricane Shoals Road N.E., Ste. D-1100<br>Lawrenceville, Georgia 30043<br>Telephone: (770) 339–0774<br>Facsimile: (770) 339–6744<br>tbarham@ADFlegal.org<br><br>TYSON C. LANGHOFER*<br>**ALLIANCE DEFENDING FREEDOM**<br>44180 Riverside Parkway<br>Lansdowne, Virginia 20176<br>Telephone: (571) 707–4655<br>Facsimile: (571) 707–4656<br>tlanghofer@ADFlegal.org |
| * Admitted *pro hac vice.* |  |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, a digital copy of the foregoing document was filed electronically with the Court using its electronic filing system, which automatically sends an electronic notification to all attorneys of record.

Respectfully submitted this the 4th day of November, 2025.

/s/ *Travis C. Barham*
TRAVIS C. BARHAM
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Road N.E., Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
tbarham@ADFlegal.org

*Attorney for Plaintiff*