UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. KLUGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02462-SEB-KMB |
| ) | |
| BROWNSBURG COMMUNITY SCHOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S REQUEST
FOR ADDITIONAL DISCOVERY AND DISPOSITIVE MOTIONS**

Presently before the Court is Defendant Brownsburg Community School Corporation's ("Brownsburg") request to reopen liability discovery and file another motion for summary judgment following the most recent remand from the Seventh Circuit Court of Appeals in this case. Plaintiff John Kluge opposes Brownsburg's requests. Having considered the Parties' arguments set forth in their Local Rule 16-2 Statements, [dkts. 203; 204], and the oral arguments presented during the recent Telephonic Conference, [dkt. 207], these issues are ripe for ruling. For the reasons explained herein, Brownsburg's requests to reopen liability discovery and file another motion for summary judgment are **DENIED**. This case is ready to be set for trial, and counsel for the Parties have indicated they will be ready for trial in late April or early May 2026.

**I.    RELEVANT BACKGROUND**

This case has a long procedural history, which the Court details here only to the extent necessary to understand the presently pending issues. This background also assumes a familiarity with the underlying facts that have been set forth at length in multiple opinions from this Court and the Seventh Circuit Court of Appeals.

Mr. Kluge makes two claims under Title VII of the Civil Rights Act of 1964 ("Title VII"): (1) discrimination based on the failure to accommodate his religious beliefs; and (2) retaliation. In July 2021, the Court entered summary judgment in favor of Brownsburg on both of Mr. Kluge's claims. [Dkt. 159.] Mr. Kluge appealed, and the Seventh Circuit initially issued a decision affirming the grant of summary judgment to Brownsburg on both claims. *See Kluge v. Brownsburg Community Sch. Corp.*, 64 F.4th 861 (7th Cir. 2023) ("*Kluge I*"). The Seventh Circuit subsequently vacated that decision and remanded the case (the "First Remand") because of the United States Supreme Court's intervening decision in *Groff v. DeJoy*, 600 U.S. 447 (2023). *See Kluge v. Brownsburg Community Sch. Corp.*, 2023 WL 4842324 (7th Cir. July 28, 2023). *Groff* clarified the legal standard for Title VII religious-accommodation claims, so the Seventh Circuit remanded "for the district court to apply the clarified standard to the religious accommodation claim in the first instance," and left it "to the district court's discretion whether to reopen discovery on remand." *Id.* at *1.

After the First Remand, the Parties agreed not to reopen discovery. [Dkt. 178; Dkt. 191 at 2 n.1.] Brownsburg again moved for summary judgment, and in April 2024, this Court again granted summary judgment to Brownsburg on both of Mr. Kluge's Title VII claims. [Dkt. 191.] Mr. Kluge appealed, and the Seventh Circuit affirmed the grant of summary judgment to Brownsburg on Mr. Kluge's retaliation claim but reversed the grant of summary judgment on Mr. Kluge's religious-accommodation claim, remanding the case for further proceedings (the "Second Remand"). *See Kluge v. Brownsburg Community Sch. Corp.*, 150 F.4th 792, 796 (7th Cir. 2025) ("*Kluge II*"). The Seventh Circuit again left it "to the district court's discretion whether to reopen discovery on remand." *Id.* at 813.

2

After the Second Remand, each Party filed a statement addressing how this case should proceed, as required by Local Rule 16-2. [Dkts. 203; 204.] The Court then scheduled a Telephonic Conference, stating that counsel for the Parties should be fully prepared to state their positions and present any necessary argument on various issues, including whether discovery should be reopened and whether additional dispositive motions should be permitted. [Dkt. 205.]

The Court held the Telephonic Conference on November 24, 2025. [Dkt. 207.] At that conference, the Parties agreed that limited discovery regarding Plaintiff's damages was appropriate, and the Court allowed that limited agreed-upon discovery to proceed. [*Id.* at 1.] But the Parties continued to disagree about whether any additional liability discovery should occur and whether additional dispositive motions should be permitted. The Court heard oral argument on those issues and kept them under advisement to issue a written decision.

## II. DISCUSSION

Understanding the Parties' positions over whether liability discovery should be reopened and further dispositive motions permitted requires a basic understanding of the United States Supreme Court's decision in *Groff*. Title VII requires employers to accommodate the religious practice of their employees unless the accommodation would impose an "undue hardship" on the employer's business. 42 U.S.C. § 2000e(j). Prior to *Groff*, the Seventh Circuit held that an employer could show an undue hardship if the accommodation at issue "imposed more than a *de minimis* cost." *Kluge II*, 150 F.4th at 800 (citation and quotation marks omitted). But *Groff* clarified that to show an undue hardship, the burden must be "substantial in the overall context of an employer's business." 600 U.S. at 468.

The Parties disagree over the impact *Groff* and the Seventh Circuit's decision in *Kluge II* applying *Groff* have regarding whether liability discovery should be reopened and whether

3

additional dispositive motions should be permitted on remand. The Court addresses each question in turn.

### A. Reopening Liability Discovery

After the First Remand, the Parties agreed not to reopen discovery. [Dkt. 178; Dkt. 191 at 2 n.1.] Mr. Kluge relies heavily on that fact in arguing that there is no need to reopen liability discovery now. Brownsburg disagrees, noting that it did not pursue discovery after the First Remand because, "[a]t that time, the parties had little guidance beyond *Groff* itself regarding what facts or circumstances might inform undue hardship analysis under *Groff*'s clarified standard." [Dkt. 203 at 2.] But following the Second Remand, Brownsburg argues that "the Seventh Circuit has provided guidance and new legal standards that were not available to the parties previously." [*Id.*] For example, Brownsburg argues that the Seventh Circuit now requires the employer to "prove the existence of its mission with evidence that pre-dates" the accommodation request, but such evidence "was not initially gathered or produced," and thus it would be prejudiced "without the opportunity to further develop the record." [*Id.* at 3.] Brownsburg emphasizes its position that "*Groff* clarified the standard for undue hardship, but the Seventh Circuit's Opinion [applying *Groff*] changed that standard further," which creates a need for further liability discovery. [*Id.* at 3.]

Mr. Kluge disagrees, emphasizing that the Parties already "engaged in thorough discovery," and the Parties agreed after the First Remand—when they "knew that *Groff*'s standard would control liability"—that no further discovery was needed. [Dkt. 204 at 2.] Thus, Mr. Kluge argues that Brownsburg is not entitled to "a third bite at the discovery apple." [*Id.*]

The Parties agree that whether liability discovery should be reopened is within the discretion of this Court and governed by Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)(4) provides that a deadline set by the Court—such as the discovery deadline at issue here—"may be

4

modified only for good cause and with the judge's consent." The Seventh Circuit has consistently held that the "central consideration in assessing whether good cause exists [under Rule 16(b)(4)] is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022).

Whether Brownsburg can establish good cause under Rule 16(b)(4) hinges on whether it acted diligently in waiting to seek the discovery it now desires. The Court concludes that under the circumstances presented by this case, diligence required Brownsburg to seek additional discovery after the First Remand rather than seeking it only after the Seventh Circuit reversed the grant of summary judgment to it on Mr. Kluge's religious-accommodation claim in *Kluge II*. While Brownsburg is correct that the creation of a new legal standard can warrant reopening discovery on remand, the Court concludes that the new legal standard at issue was established by *Groff*, not by the Seventh Circuit's application of *Groff* to this case in *Kluge II*. *Groff* made it clear that employers would be required to make a stronger showing of undue hardship than many courts, including the Seventh Circuit, had previously required. *See Kluge II*, 150 F.4th at 803 ("The legal landscape has changed markedly under *Groff*."). Brownsburg previously had the opportunity to seek additional discovery to meet *Groff*'s heightened undue hardship standard, but it agreed not to do so. Seeking additional discovery now—only after the Seventh Circuit applied *Groff* to this case and determined that fact issues preclude summary judgment on the question of undue hardship—does not show sufficient diligence to establish good cause under Rule 16(b)(4).

Even assuming the timing of Brownsburg's request showed sufficient diligence to establish good cause under Rule 16(b)(4), the Court would still deny Brownsburg's request for an independent and more fundamental reason. Brownsburg has not explained with any specificity what information it seeks via discovery that is not already within its control. For example,

5

Brownsburg argues that the Seventh Circuit held that it must now "prove the existence of its mission with evidence that pre-dates" the accommodation request, but such evidence "was not initially gathered or produced." [Dkt. 203 at 3.] Similarly, Brownsburg argues that it now "must provide particularized proof of costs or disruptions underlying [its] decision that it could not sustain to accommodate an employee's religious belief." [*Id.* at 2.] But as counsel for Mr. Kluge argued and counsel for Brownsburg acknowledged at the Telephonic Conference, evidence regarding Brownsburg's own mission or that the accommodation created costs or caused disruptions at the school is squarely within Brownsburg's control. Thus, additional discovery is not necessary for Brownsburg to obtain this evidence, especially since counsel for Mr. Kluge acknowledged that Brownsburg could promptly supplement its prior discovery responses to disclose evidence of this nature if it plans to rely on it at trial. Counsel for Mr. Kluge did state that if Brownsburg supplements discovery with materials it should have previously produced in response to prior discovery requests, Mr. Kluge reserves the right to object.

The Seventh Circuit left to this Court's discretion whether liability discovery should be reopened following the Second Remand. For each of the reasons discussed above, the Court concludes that Brownsburg has not made a sufficient showing that reopening liability discovery is appropriate. Thus, the Court denies Brownsburg's request.

**B.      Additional Dispositive Motions**

Brownsburg also argues that it should have the opportunity to file a third motion for summary judgment on Mr. Kluge's religious-accommodation claim. It contends that a "'renewed motion for summary judgment is appropriate' when there is 'an intervening change in the controlling law.'" [Dkt. 203 at 3 (quoting *Garvin v. Wheeler*, 304 F.3d 628, 632 (7th Cir. 2002)).] Brownsburg again maintains that both *Groff* and the Seventh Circuit's subsequent decision

applying *Groff* in *Kluge II* were both changes in law warranting an additional motion for summary judgment following the Second Remand. [Dkt. 203 at 3.]

Mr. Kluge contends that another motion for summary judgment would be futile because the Seventh Circuit already found that multiple factual disputes preclude Brownsburg from obtaining summary judgment on Mr. Kluge's religious-accommodation claim. [Dkt. 204 at 2.] Specifically, Mr. Kluge emphasizes that the Seventh Circuit found factual disputes regarding the degree of disruption to the learning environment, whether the complaints about Mr. Kluge and his accommodation rose to the level of an undue hardship on the school's educational mission, and whether Mr. Kluge's religious beliefs were sincerely held. [*Id.*] Mr. Kluge points out that, should Brownsburg again seek summary judgment, the law requires the facts to again be construed in the light most favorable to him as the non-movant, and the factual issues found by the Seventh Circuit would remain. [*Id.*]

The Court agrees with Mr. Kluge that there should not be a third round of summary judgment briefing in this case. While Brownsburg is correct that, as a general matter, a change in the law could warrant another motion for summary judgment, *see Garvin*, 304 F.3d at 632, that already occurred once in this case. *Groff* created a new legal standard, and following the First Remand, Brownsburg filed a second motion for summary judgment. [Dkt. 184.] The Seventh Circuit's application of *Groff* to this case in *Kluge II* did not create yet another change in the law necessitating a third bite at summary judgment for Brownsburg.

Additionally, the Court agrees with Mr. Kluge that a third motion for summary judgment would be futile. The Seventh Circuit held that multiple factual disputes precluded summary judgment in Brownsburg's favor on Mr. Kluge's religious-accommodation claim. *See, e.g.*, *Kluge*, 150 F.4th at 806 ("[Mr. Kluge's] additional actions, beyond simply calling students by their last

7

names, are disputed. Because of this factual dispute, whether the last-name-only accommodation and [Mr.] Kluge's related actions were the cause of the students' emotional distress is a question for the jury."); *id.* at 809 ("In sum, the record contains material factual disputes about whether the accommodation disrupted Brownsburg's learning environment, precluding summary judgment to the school."). Even assuming Brownsburg could point to additional evidence in a third motion for summary judgment, these fact issues would remain. For these reasons, the Court will not permit Brownsburg to file another motion for summary judgment in this case.

### III.    CONCLUSION

For the reasons explained above, Brownsburg's requests to reopen liability discovery and file another dispositive motion are **DENIED**. The Parties may continue with the limited discovery regarding damages that they agreed to conduct, as set forth in the Court's Entry and Order from Telephonic Conference. [Dkt. 207.] This case is ready to be set for trial, and counsel for the Parties have indicated they will be ready for trial in late April or early May 2026.

**SO ORDERED.**

Date: 12/3/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All counsel electronically registered via CM/ECF